BERNARD MINER, Respondent, *v.* STATE OF NEW YORK, Appellant. (Motion No. 2663.)

Fourth Department, October 27, 1954.

*Nathaniel L. Goldstein, Attorney-General* (*Henry S. Manley* and *Wendell P. Brown* of counsel), for appellant.

*George C. Valette* for respondent.

*Per Curiam.* The Court of Claims in the motion by claimant for leave to file a claim against the State had before it the affidavit of claimant only. That his alleged present condition is the result of the accident of August 15, 1952, is not supported by the affidavit of any competent physician. He, himself, is not competent to so find. He knew he was injured at the time of the

accident; his hospital, medical and doctor's bills following the accident were paid by the Workmen's Compensation carrier of his employer. He received compensation for his disability. If he felt that the injury, whatever it was, was due to the State's negligence, there was no disability, mental or physical, which prevented him from filing his claim. While the State knew the facts of the accident, it had no more knowledge than claimant of the alleged disability which he now claims. It has not had any opportunity to make inquiry and investigation of the physical condition of the claimant, or whether his present condition, whatever it may be, is the proximate result of the accident or was caused by some other intermediate accident. Although he states he was treated by physicians in December, 1953, and January, 1954, as pointed out, there is no physician stating here that such treatment was for injuries sustained in the accident of August 15, 1952, and his motion for permission to file such a claim was not attempted until the termination of the action brought by the State against his employer tried in May, 1954, and, in fact, until June 10, 1954, when his motion papers were served. Respondent's attorney, in his brief, and upon the argument called special attention to the case of *Benedict* v. *State of New York* (281 App. Div. 731). In that case, however, a claim had been made within the prescribed time on behalf of claimant's daughter, an infant, and still undetermined. Under such circumstances there, of course, could be no prejudice to the State in allowing the late filing, and in the exercise of its discretion, the court found there was a " reasonable excuse " for the failure.

The order from which the appeal is taken should be reversed on the law and facts, and the motion denied.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and VAN DUSER, JJ.

Order reversed on the law and facts, without costs of this appeal to either party and motion denied, without costs.